OF THE STATE OF LOUISIANA. **149**

*KEMPER vs. TURNER.*

APPEAL FROM THE COURT OF THE THIRD DISTRICT,

THE JUDGE OF THE FOURTH PRESIDING.

The record of a judgment against the agent is legal, though not conclusive evidence, of the settlement of a debt due to the principal.

The jury may correctly infer from the relation between the principal and agent,(they being brothers) and the long silence of the former, that the settlement was made with his consent, or was afterwards approved. In this instance, however, the cause was remanded.

This suit was brought to recover from the defendant the amount of a judgment which he had collected as attorney for the plaintiff. The defendant denied that the plaintiff had placed the claim in his hands, but averred that it was handed to him by Reuben Kemper (a brother of the plaintiff) with directions, when collected, to be placed to the credit of said Reuben, who was indebted to the respondent, and that it was so applied.

On the part of the plaintiff, it was proved that the defendant, as his attorney, received the amount of the judgment in 1817. To prove the defence set up, the plaintiff was interrogated as to the agency of Reuben Kemper. He answered that the latter once had the claim in his possession as agent, but had returned it to plaintiff, who gave it to the defendant for collection. The defendant then introduced the record of a suit filed in 1820, in which he, the defendant, was plaintiff, and Reuben Kemper defendant, wherein it appeared that the defendant had credited said Reuben, with the amount of the judgment now sued for. To the introduction of this record, the plaintiff objected, on the ground that it was *res inter alias acta*, but the objection was overruled and the plaintiff excepted. It was further shown that in 1813–16, Reuben Kemper acted as the agent of the plaintiff in various transactions. There was judgment for the defendant, and the plaintiff appealed.

*Carleton and Lockett* for appellant. *Turner* for appellee.

*Martin J.* delivered the opinion of the court.

Eastern District. The defendant sued for the amount of a judgment obtain-
*January* 1821. ed by him for the plaintiff, rested his defence on a credit
KEMPER given therefore to the plaintiff's brother, from whose hands,
*vs.* he alleged the claim sued on had been received for collection.
TURNER.

There was judgment for the defendant, and the plaintiff
appealed after an unsuccessful attempt to obtain a new trial.

Our attention is first drawn to a bill of exceptions taken
by the appellant's counsel, to the opinion of the District
Court, in permitting the record of a suit of the appellee
against the appellant's brother, in which the latter gave cre-
dit for the amount of the judgment.

The appellee had interrogated the appellant on the agency
of the brother; and it had been denied. To destroy the
evidence resulting from the appellant's answer, the appellee
had introduced a witness, and sought, by a chain of testimo-
ny, to establish the appellant's knowledge of and assent to the
acts of the brother. It therefore became important to esta-
blish a settlement with the brother, and of this special fact
a judgment against the latter was legal evidence.

*The record of a judgment against the agent is legal, though not con- clusive evidence, of the settlement of a debt due to the principal.*

We think the record was properly admitted as legal, but
not conclusive evidence, against the appellant.

*The jury may correctly infer from the relation be- tween the prin- cipal and agent (they being bro- thers) and the long silence of the former, that the settlement was made with his consent, or was afterwards ap- proved. In this instance, however, the cause was re- manded.*

On the merits, although we are not ready to admit, ha-
ving already held the contrary, that credit given to the
agent dissolves the principal's debt. The jury may have cor-
rectly inferred from the relation between the principal and
agent, the conduct and long silence of the former, that if this
mode of settlement was not made with the principal's know-
ledge and consent, it was afterwards approved.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be affirmed with costs.

*KEMPER vs. TURNER.*

This case is now before us on a rehearing.

When we acted on it before, we thought, that although we
were not ready to admit (having already held a contrary

doctrine,) that credit given to the agent extinguishes the debt of the principal, the jury might readily have inferred, from the relation existing between the principal and agent in the present case (they being brothers), and the conduct of the principal, and his long silence and apparent acquiescence,, that if the settlement effected by the agent was not made with the principal's consent or knowledge, it was afterwards approved by him. On reviewing this opinion, we have come to the conclusion, that justice will be better promoted by our sending the case back, for the consideration of another jury, than affirming the judgment.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial, the appellee paying costs in this court.